ON REHEARING GRANTED
Initially this case was argued and submitted to a panel consisting of JJ. Garrison, Lobrano and Becker. Prior to rendering a decision, Judge Becker died. The clerk’s office forwarded a letter to all counsel advising them a judge would be substituted for Judge Becker and that they should notify the court if they desired reargument. There was no request for oral argument. However, prior to submission to the new panel, Judge Garrison became ill and was not able to participate. Judge Gulotta, pro tempore, was substituted for Judge Garrison. The matter was then submitted on briefs to JJ. Lobrano, Byrnes (for Beck *673 er) and Gulotta (for Garrison). A decision was rendered which affirmed the trial court’s finding of liability by defendants on the note, but reversed the court’s holding that they were not liable for the increased interest rate.
Defendants sought rehearing challenging this court’s decision and pointing out that had they known two new judges would be substituted on the panel they would have requested oral argument. We granted rehearing because defendants are correct in their assertion concerning oral argument. The letter sent by the clerk did not mention a substitution for Judge Garrison.
This case has been reargued. In brief, defendants concentrate on this court’s holding that they are liable for the increased interest rate. During oral argument, they also assert the incorrectness of our entire holding.
The facts and procedural history are set forth in our original opinion and need not be repeated. For the reasons assigned in our original opinion, we re-affirm our holding that defendants are liable on the note executed in favor of plaintiffs. For the following additional reasons, we also reaffirm our conclusion that they are bound for the increased interest rates.
In brief, defendants assert that we erred in our reliance on Exhibit B of the February 8, 1984 Agreement to Sell. In our original opinion we made reference to defendants’ initials which appear near the “eleven (11%) percent” provision as evidence of the fact that they knew the rate would be increased. Defendants point out that their initials refer, not to the 11% provision, but to the scratched over wording in the next line of the agreement. After reviewing the agreement again, it appears defendants are correct in their observation. However it does not change our initial conclusion that defendants were well aware of the fact that as a condition of their sale to Guillot, plaintiffs required the note be increased from 8% to 11%. It is obvious the purchase agreement, executed almost two months prior to the powers of attorney, was scrutinized by defendants. They had to know the increased interest rate was a condition to the sale.
Despite this knowledge, defendants rely on Civil Code Article 2997 which requires that a mandate’s authority be express in order to execute a promissory note. They argue that increasing the interest rate on a note on which they were already liable is the same as executing a new note. Since the power of attorney granted Dr. Serio, as agent, only the authority to sell, defendants argue that he had no authority to bind them for the additional interest.
We disagree. The power of attorney is clear that Dr. Serio was granted the authority “to sign all papers, documents and acts necessary” to convey the property. The evidence is clear that defendants knew an increased interest rate was a condition of the sale and it is reasonable to conclude that the powers of attorney gave Dr. Serio the authority to meet that condition to consummate the sale.
Accordingly, for the reasons originally assigned, and the foregoing additional reasons, the judgment of the trial court holding defendants liable on the note is affirmed. That portion of the trial court judgment which relieves defendants from the increased interest rate is reversed.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.